LIONEL, SAWYER, & COLLINS
Rodney M. Jean, Nev. Bar #1395
1700 Bank of America Plaza
300 S. Fourth Street
Las Vegas, NV 89101
Direct Dial: 702-383-8830
Fax: 702-383-8845
rjean@lionelsawyer.com

ATTORNEYS FOR PLAINTIFF
SHAKOPEE MDEWANKANTON SIOUX COMMUNITY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAKOPEE MDEWAKANTON SIOUX COMMUNITY, a Federally Recognized Indian Tribe<br><br>    Plaintiff,<br>vs.<br><br>FBCV, LLC, a Nevada Limited Liability Company; KEN TEMPLETON, Trustee of the Templeton Gaming Trust, a Nevada Trust; TEMPLETON GAMING CORPORATION, a Nevada Corporation; and TEMPLETON DEVELOPMENT CORPORATION, a Nevada Corporation<br>    Defendants. | **Case No. 2:10-cv-00010 (JCM-RJJ)**<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION** |

On June 29, 2011 the Court entered an Order [Docket No. 86] granting Plaintiff SMSC's motion for summary judgment on the issue of trademark infringement and injunctive relief. "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by defendant's continuing infringement." Bellagio v. Denhammer, 2001 WL 34036599, *6 (D. Nev. July 10, 2001)(citing Century 21 Real Estate Corp. v. Sandlin, 846 F.2d 1175 (9th Cir.1988); 15 U.S.C. § 1116; Blumenfeld Dev. Corp. v. Carnival Cruise Lines, Inc., 669 F.Supp. 1297, 1321 (E.D. Pa., 1987) ("Injunctions are appropriate in trademark cases where the reputation of the senior user 'is left to the mercy of the junior user, whose business policies may not reflect the same sound judgment.'").

A party seeking a permanent injunction must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. Kerzner Int'l. Ltd. v. Monarch Casino & Resort, Inc., 675 F.Supp.2d 1029, 1045 (D.Nev. 2009)(citing eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (9th Cir. 2006).

*1.  Irreparable Harm*

"In the trademark context, 'once the plaintiff establishes a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief is not granted.'" Id. (citations omitted); (see also Brookfield Comm. Inc. v. West Coast Ent. Corp, 174 F.3d 1036, 1066 (9th Cir. 1999); Caesars World, Inc. v.

Milanian, 247 F.Supp.2d 1171, 1205 (D. Nev. 2003) ("Having concluded that Plaintiffs have succeeded on proving infringement, the Court need not address the issue of irreparable harm . . . once trademark infringement is established through a showing of a likelihood of confusion, irreparable injury is presumed."); Competition Specialties, Inc. v. Competition Specialties, Inc., 2004 WL 94026, *2 (9th Cir. Jan. 20, 2004)(injunctive relief is the "remedy of choice" for trademark infringement, and "there is no adequate remedy at law for the injury").

The Court has concluded that confusion is likely. This factor weighs in favor of a permanent injunction.

### 2. *Balance of the Equities*

Where a plaintiff has "established that they have invested millions of dollars promoting [its] marks . . . the balance of the equities weighs in favor of enjoining defendant[s] from further unlawful use." Milanian, 247 F.Supp.2d at 1205.

Plaintiff asserts that it has invested millions of dollars and many years in maintaining and protecting the name Mystic Lake, Mystic, and all of the Mystic family of marks. The Defendants have not attempted to rebut this evidence. Accordingly, the Court concludes that this factor favors a permanent injunction.

### 3. *The Public Interest*

"An important factor in protecting trademarks is to avoid consumer confusion, which is in the public interest." Milanian, 247 F.Supp.2d at 1205. "It is in the public interest not to allow [defendant] to mislead the public into thinking that the services offered by [defendants] are somehow related to the Plaintiffs when in fact they are not.

Enjoining defendants from further display or future use of the marks is necessary to prevent consumer confusion." Id. The Court has concluded that confusion is likely. This factor weighs in favor of a permanent injunction. Accordingly, IT IS HEREBY ORDERED ADJUDGED AND DECREED that, pursuant to 15 U.S.C. § 1116, Defendants, their successors, officers, parents, subsidiaries, affiliates, agents, assigns and employees, and anyone acting in concert with or at the behest or direction of Defendants, jointly and severally, are hereby PERMANENTLY ENJOINED AND RESTRAINED from the following:

    (a)    Distributing, displaying, marketing, promoting, offering for sale, and/or selling any goods or services using the mark Mystic Lodge Casino, or any other phrase, slogan, or business name that incorporates the word "Mystic" (a "Mystic Mark");

    (b)    Affixing a Mystic Mark to any product, advertisement, point of sale material, interior/exterior signage or other promotional material;

    (c)    Disseminating any product, advertisement, point of sale material, signage or other promotional material containing or incorporating a Mystic Mark;

    (d)    Registering any domain name which includes the word "mystic" or any Mystic Mark; and

    (e)    Registering and/or applying for any trademark registration for a Mystic Mark.

IT IS FURTHER ORDERED that, within sixty (60) days of the date this Order becomes effective, Defendants their successors, officers, parents, subsidiaries, affiliates, agents, assigns and employees, and anyone acting in concert with or at the behest or direction of Defendants, shall remove from any Internet website all references to Mystic Lodge Casino and/or any other Mystic Mark.

IT IS FURTHER ORDERED that, within sixty (60) days of the date this Order becomes effective, Defendants shall submit all necessary papers to complete a transfer of all Internet domain names which include the Mystic Lodge Casino mark, any Mystic Mark, or any variation thereof, to SMSC.

IT IS FURTHER ORDERED that, within sixty (60) days of the date this Order becomes effective, Defendants shall provide written confirmation to counsel for SMSC that neither they nor their successors, officers, parents, subsidiaries, affiliates, agents assigns and employees, and anyone acting in concert with or at the behest or direction of Defendants, are displaying the mark Mystic Lodge Casino or any Mystic Mark.

Dated: July 25, 2011

_____
United States District Judge

| | |
|---|---|
| Dated: July 18, 2011 | **FAEGRE & BENSON LLP** |
| | By: s/ Timothy J. Cruz |
| |     Jonathan W. Dettmann |
| |     Timothy J. Cruz |
| |     2200 Wells Fargo Center |
| |     90 South Seventh Street |
| |     Minneapolis, MN 55402 |
| |     Tel.: (612) 766-8049 |
| |     Fax: (612) 766-1600 |
| |     tcruz@faegre.com |
| | LIONEL, SAWYER, & COLLINS |
| |     Rodney M. Jean, Nev. Bar #1395 |
| |     1700 Bank of America Plaza |
| |     300 S. Fourth Street |
| |     Las Vegas, NV 89101 |
| |     Direct Dial: 702-383-8830 |
| |     Fax: 702-383-8845 |
| |     rjean@lionelsawyer.com |
| | **ATTORNEYS FOR PLAINTIFF SHAKOPEE MDEWAKANTON SIOUX COMMUNITY** |