UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHAKOPEE MDEWAKANTON
SIOUX COMMUNITY,

        Plaintiff,

v.

FBCV, LLC, et al.,

        Defendants.

2:10-CV-10 JCM (RJJ)

**ORDER**

Presently before the court is plaintiff Shakopee Mdewakanton Sioux Community's ("SMSC") motion for summary judgment for trademark infringement and dismissal of the defendants' counterclaim. (Doc. #61). The defendants FBCV, LLC, Ken Templeton, and Templeton Gaming have responded (doc. #76), and the plaintiff has replied (doc. #79).

Also before the court is defendants' motion for summary judgment of declaratory relief. (Doc. #64). Plaintiff filed an opposition. (Doc. #73). Defendants filed a reply. (Doc. #78).

Plaintiff filed the instant complaint alleging trademark infringement under 15 U.S.C. § 1114(1) of the "Mystic" family of marks (doc. #58 ¶ 14), which is incorporated into the name of its Mystic Lake Casino Hotel in Minneapolis, Minnesota. The plaintiff asserts that the defendants continue to use the "Mystic" family of marks registered to it without consent, and that this violation has likely caused confusion or mistake for customers. (Doc. #58 ¶ 26). As relief for the alleged infringement, plaintiff requests the court to enjoin the defendants from using the "Mystic" mark and award both statutory damages and attorneys' fees.

**James C. Mahan**
**U.S. District Judge**

The defendants filed the instant motion attacking the complaint and requesting partial summary judgment on the issue of money damages. (Doc. #61). Additionally, the defendants allege seventeen defenses (*see* doc. #59, 3-4) and plead a counterclaim for declaratory relief by the court. In the prayer for relief, the defendants request attorneys' fees and a declaration of no likelihood of confusion and non-infringement. The plaintiff filed the instant motion attacking the counterclaims and requesting summary judgment. (Doc. #64).

**I. SMSC's Motion for Summary Judgment/Dismiss**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56©. The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (expressing the standard for authentication of evidence on a motion for summary judgment).

A. Background

The case arises out of the defendants' use of the word "Mystic" in conjunction with its casino name ("Mystic Lodge Casino") in addition to various products and services. The plaintiff is an Indian tribe which has owned a casino in Minnesota ("Mystic Lake Casino") since 1992. In addition to the name of its establishment, the plaintiff has used the word "Mystic" in a myriad of variations to describe products and services offered by the casino. The plaintiff currently owns the registration on the family of "Mystic" marks and was the sole user in the casino industry upon registration. The defendants are the owners of the Mystic Lodge Casino located in Henderson, Nevada. The casino is substantially smaller than the plaintiff's resort and serves a more limited clientele. Upon purchasing the casino in 2007, while aware of the existence of the plaintiff's casino name, defendants changed the name from "Charlie Holder's" to "Mystic Lodge Casino." Thereafter, plaintiff filed suit for trademark infringement.

In the motion for summary judgment (doc. #61), the plaintiff asserts that it is entitled to

1  injunctive and monetary relief, as there is no dispute that it owns valid rights in the "Mystic" family
2  of marks. Further, the plaintiff contends that the marks are confusingly similar, as customers are
3  likely to be confused about the origin of the mark and actual evidence of the mistaken identity exists.
4  The defendants respond that the evidence of confusion and registration, among others, is
5  unauthenticated and thus inadmissable.[1] Alternatively, the defendants suggest that a mere possibility
6  of confusion is not enough to find trademark infringement and disputes any findings by the plaintiff
7  suggesting confusion.

B.  Trademark Infringement

The complaint alleges one claim for relief, trademark infringement. Thus, to plead a prima facie case, the plaintiff must allege: (1) that a mark is confusingly similar, and (2) is a valid and protectable mark of the plaintiff. *Brookfield Comm's, Inc. v. West Coast Ent. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999); *see also* Thomas McCarthy, *Trademarks and unfair Competition*, § 30:10 (4th ed. 2010). While actual damages are not a required element for establishing trademark infringement, possible remedies include injunctive relief, award of defendant's profits, the costs of the action, and attorneys' fees. 15 U.S.C. § 1114(1); 15 U.S.C. § 1116; 15 U.S.C. § 1117(a).

Here, there is no question that the plaintiff owns a valid and protectable mark. The plaintiff registered the name "Mystic" in plain block letters (doc. # 79-13), and owns over thirty other associated names. When a mark is registered in plain block letters, protection of the mark "is not limited to any logo, but to the words themselves." *Aztar Corp. v. NY Ent. LLC.*, 15 F. Supp. 2d 252, 258 n.6 (E.D.N.Y. 1998). Thus, the plaintiff is the registered trademark owner of "Mystic" and has satisfied the second prong of the *Brookfield* test.

The general determination of liability under trademark law is likelihood of confusion. *See* 15 U.S.C. §§ 1114(1), 1125(a). "[T]he ultimate test is whether the public is likely to be deceived or

---

[1] Although a document is invalid if filed into evidence without authentication, it can be cured if properly authenticated documents are filed in advance of a hearing for summary judgment. *Carter v. United States*, 973 F.2d 1479, 1485 n.3 (9th Cir. 1992). Here, the plaintiff lodged certified copies of all the alleged unauthenticated evidence with the court after the defendants' objection. Thus, the defendants' objection under *Orr* has been cured and is rendered moot.

James C. Mahan
U.S. District Judge

- 3 -

1  confused by the similarity of the marks." *New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d
2  1194, 1201 (9th Cir. 1997). This burden generally rests on the plaintiff. *Tie Tech, Inc. v. Kinedyne*
3  *Corp.*, 296 F.3d 778, 783 (9th Cir. 2002).

4  The Ninth Circuit has enumerated eight non-exclusive factors to determine whether customer
5  confusion is likely. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). The factors
6  include: (1) strength of the mark; (2) proximity or relatedness of the goods; (3) similarity of the
7  marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the
8  degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark;
9  and (8) likelihood of expansion of the product lines. *Id*. "The list of factors is not a
10 score-card–whether a party 'wins' a majority of the factors is not the point. Nor should '[t]he factors
11 . . . be rigidly weighed; we do not count beans.'" *Dreamwerks Prod. Group v. SKG Studio*, 142 F.3d
12 1127, 1129 (9th Cir. 1998).

13        1. Strength of the Mark

14 "The stronger a mark-meaning the more likely it is to be remembered and associated in the
15 public mind with the mark's owner-the greater the protection it is accorded by the trademark laws."
16 *Network Automation, Inc. v. Advanced Systems Concepts, Inc.*, No. 10-55840, 2011 WL 815806, *8
17 (9th Cir. Mar. 8, 2011) (quoting *Brookfield Comm's, Inc. v. West Coast Enter. Corp.*, 174 F.3d 1036,
18 1058 (9th Cir. 1999). Marks are classified as either: (1) generic, (2) descriptive, (3) suggestive, (4)
19 arbitrary, or (5) fanciful. *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042,
20 1047 (9th Cir. 1998). The last three categories, including arbitrary marks, are inherently distinctive
21 and strong, and do not require proof of secondary meaning to be protected. *Id*. Here, the parties
22 concede, and the court agrees, that "Mystic" is arbitrary for casino services. Therefore, it is
23 inherently distinctive, and the plaintiff has no burden of proving secondary meaning to protect the
24 mark. This factor weights in favor of the plaintiff.

25        2. Proximity or Relatedness of the Goods

26 Congress has afforded "nationwide protection to registered marks, regardless of the areas in
27 which the registrant actually uses the mark." *Dawn Donut co. v. Hart's Food Stores, Inc.*, 267 F.2d
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

358, 362 (2d Cir. 1959). The public is likely to be confused as to the source when goods or services are related. *GoTo.com Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1206 (9th Cir. 2000).

The plaintiff argues that it operates a large resort-style casino in Minnesota, which, exactly like the defendants', contains slot machines and attracts customers from across Nevada. Additionally, the plaintiff maintains a player database that includes several thousand players residing in Nevada, with more than one hundred concurrently listed in the defendants' database. The defendants argue that besides having two hundred slot machines at its casino, it lacks all of the amenities at the plaintiff's location including table games, luxury hotel rooms, and a championship golf course.

Here, the defendants have not cited any authority to support their position. Instead, the defendants rely solely on selective distinctions between their current facility and the plaintiff's location. However, the same customer willing to spend discretionary income gambling at one location may easily spend at another. *See e.g. Blumenfeld Dev. Corp. v. Carnival Cruise Lines, Inc.*, 669 F. Supp. 1297, 1313 (E.D. Pa. 1987); *Aztar Corp. v. NY Ent. LLC*, 15 F. Supp. 2d. 252, 258 (E.D.N.Y. 1998). Without supporting authority to rebut the presumption that casino customers in Nevada will spend their money in the Minnesota casino, this court finds this factor favorable to the plaintiff.

3. Similarity of the Mark

"[T]he similarity of the mark [factor] . . . has always been considered a critical question in the likelihood-of-confusion analysis." *GoTo.com*, 202 F.3d at 1205. The combination of the features as a whole, judged in terms of their "appearance, sound, and meaning," is the ultimate question in determining similarity. *Id*. at 1206; *see also Dreamwerks*, 142 F.3d at 1129. Here, the plaintiff argues that its registration and use of the word "Mystic" in plain block letters by itself, along with the defendants' parallel use, supports a finding of sufficient similarity. The court agrees that the plaintiff's ownership of the "Mystic" family of marks, and the defendants' use of the same word for various casino related services is sufficiently similar, and finds this factor weighs in favor of the plaintiff.

#### 4. Evidence of Actual Confusion

There is no requirement to provide evidence of actual confusion for trademark infringement. *See Sleekcraft*, 599 F.2d at 353; *see also Academy of Motion Pictures Arts and Sciences v. Creative House Productions, Inc.*, 944 F.2d 1446, 1456 (9th Cir. 1991) ("actual confusion is not necessary to a finding of likelihood of confusion under the Lanham Act."). The lack of evidence does not affect the overall analysis because of the difficultly in obtaining it, but any finding of actual evidence "is weighed heavily [against the defendant] . . . when there is evidence of past confusion." *Id*. at 353.

The plaintiff submitted a mailer showing that a piece of mail was misdirected based on the confusion of the parties names. While the mailer does indicate that mail was mistakenly sent to the wrong address, it appears that the address was correct in the mailing party's system, and instead the fault lies with an undetermined third-party. Without sufficient evidence of where the actual confusion lies, the evidence must be overlooked and does not affect the court's analysis.

#### 5. Marketing Channels Used

"Convergent marketing channels increase the likelihood of confusion," especially when the "general class of purchasers of the parties' respective products is the same." *Sleekcraft*, 599 F.2d at 353. Also, there is a likelihood of initial interest confusion when an alleged infringer uses a trademark in an internet domain name. *See Bellagio v. Denhammer*, No. CV-5-00-1475, 2001 WL 34036599, *2 (D. Nev. July 10, 2001) (enjoining defendant's use of "bellagiolasvegashotel.com").

Here, the plaintiff argues that the two parties have a similar presence on the internet. However, the defendants argue correctly that finding this factor in favor of the plaintiff solely because of an online internet relationship is overly simplistic. "Today, it would be the rare commercial retailer that did not advertise online, and the shared use of a ubiquitous marketing channel does not shed much light on the likelihood of consumer confusion." *Network Automation*, 2010 WL at *11. As "this factor merits little weight," *Playboy Enters, Inc. v. Netscape Communs. Corp.,* 354 F.3d 1020 (9th Cir. 2004), the court finds this element to be neutral.

. . .

. . .

James C. Mahan
U.S. District Judge

- 6 -

### 6. The Type of Good and Degree of Care Likely to be Exercised by the Consumer

"In assessing the likelihood of confusion to the public, the standard used by the courts is the typical buyer exercising ordinary caution." *Sleekcraft*, 599 F.2d at 353. Here, a typical buyer is a person willing to travel to a casino and spend money gambling. In certain circumstances, courts have held this factor weighs in favor of the mark owner when the parties use similar marks to sell casino services. *Aztar*, 15 F. Supp. 2d at 260. Here, the plaintiff correctly asserts that the defendants have not adequately rebutted the plaintiff's argument presented in the motion. Thus, the court is inclined to find in favor of the plaintiff.

### 7. Defendants' Intent in Selecting the Mark

"This factor favors the plaintiff where the alleged infringer adopted his mark with knowledge, actual or constructive, that it was another's trademark." *Brookefield Comm's, Inc. v. Goss*, 6 F.3d 1385, 1394 (9th Cir. 1999) (citing *Off. Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1394 (9th Cir. 1993). Here, the plaintiff has provided evidence that the defendants had actual knowledge of the plaintiff's "Mystic" mark through an opinion letter from counsel. (Cruz Decl. Ex. II.) The defendants argue this letter was preliminary, and that they relied on the final conclusions of counsel that the defendants' could use the mark if precautions were taken.

The court disagrees with the defendants' position. Reliance on advice of counsel is only relevant to a future question on willfulness, not infringement. *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham*, 259 F.3d 1186, 1196 (9th Cir. 2001). Defendants were aware of the actual existence of the plaintiff's mark, ignored the precautions advised by counsel, and even used a registration symbol at one point in reference to a "Mystic" mark. The court finds that this factor weighs heavily against the defendants.

### 8. Likelihood of Expansion

Where the goods or services of the parties are already sufficiently related, this factor is irrelevant. *See Playboy*, 354 F.3d at 1029. Both parties admit, and this court agrees, that this factor is neutral as the parties offer nearly identical services.

**James C. Mahan**
**U.S. District Judge**

- 7 -

### C. Defendants' Defense

Lanham Act § 33(b)(5), widely viewed as a partial codification of the common law, requires that the junior user's mark "was adopted without knowledge of the registrant's prior use." 15 U.S.C.S. § 1115(b)(5). There is no "good faith" if the junior user subjectively knew of the senior user's mark, even though the junior user had no "design inimical to the interests of the first user." McCarthy, *supra*, at § 26:9 (quoting *Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403, 415 (1916)).

The defendants argue under *Dawn Donut* that when two marks are confined to sufficiently distinct and geographically separate markets, without evidence that the registrant will expand to the defendants' market, the plaintiff is not entitled to enjoin the junior user's mark. *See* 267 F.2d at 364. Further, the "injunctive remedy does not ripen until the registrant shows a likelihood of entry into the disputed territory." McCarthy, *supra*, at § 26:33. In the alternative, the defendants' assert that there is a presumption of good faith since an opinion letter from counsel permitted the use of the mark. The court disagrees.

Here, the *Dawn Donut* defense does not apply to the plaintiff's ability to receive injunctive relief due to the bad faith shown. The defendants received actual knowledge of the plaintiff's registered mark through counsel, ignored requests for alternate names, and disobeyed express recommendations on how to limit the possibility of infringement. Although the final opinion letter by counsel timidly approved the use of the mark with certain limitations, the email from counsel advising that the mark was already registered and the senior user would aggressively protect it disallows the final opinion to serve as a rubber stamp for the defendants' actions. "The Ninth Circuit does not . . . insulate the defendant from a finding of willful infringement based on advice of counsel of noninfringement." *Monster Cable Prods., Inc. v. Discovery Comm'n's, Inc.*, No. C 03-03250, 2004 WL 2445348, *9 (N.D. Cal. Nov. 1, 2004) (citing *Wolfe v. Nat'l Lead Co.*, 272 F.2d 867, 871 (9th Cir. 1959).

In sum, the plaintiff has shown that no genuine issues of material fact remain for a jury on the question of likelihood of confusion between the defendants' mark and the mark used by the plaintiff. Any defense to a claim for injunctive relief is rejected. Therefore the court grants the

1  motion for summary judgment as to the trademark infringement claim and dismisses the defendants'
2  counterclaim. The court will also enter permanent injunctive relief against the defendants to prevent
3  further infringement.

### II. FBCV's Motion for Partial Summary Judgment

The defendants' motion for partial summary judgment against injunctive relief is denied as moot in light of the court's above ruling. The court now addresses the defendants' motion for summary judgment regarding the plaintiff's request for monetary relief.

The plaintiff has the burden of proof as to damages, *Rolex Watch, U.S.A., Inc., v. Michel Co.*, 179 F.3d 704, 712 (9th Cir. 1999), and must prove both the existence and amount of damages. *See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 621 (9th Cir. 1993); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993). Traditionally, disgorgement of profits for damages is a trademark remedy. *Jerry's Famous Deli, Inc. v. Papanicolaou*, 383 F.3d 998, 1004–05 (9th Cir. 2004). However, an award of speculative damages is inappropriate. *See McClaran v. Plastic Industries, Inc.*, 97 F.3d 347, 361–62 (9th Cir. 1996).

Here, the defendants argue that the plaintiff has admitted there is no actual injury. Without injury, there can be no monetary damages to the plaintiff. Additionally, the defendants assert that the plaintiff's expert has failed to provide an opinion on the defendants' profits, leaving the plaintiff with no admissible evidence for which to base monetary relief. In contrast, the plaintiff argues that *Lindy Pen* is inapplicable because the plaintiff is not obligated to prove actual damages for a finding of trademark infringement. *See 982 F.2d at 1400*. The court disagrees.

The defendants correctly claim that a finding of liability is different from a finding of damages. Without actual injury, shown by its own lost sales or the defendants' profits, plaintiff's claim for monetary damages cannot succeed. *See Lindy Pen*, 982 F.2d at 1407 (citing McCarthy, *supra*, at § 30:27). The plaintiff's expert has assumed the fact that there are damages in his calculation, and has never given an opinion as to the existence of damages or defendants' profits. Without a finding of actual damages or lost profits, this court cannot grant the plaintiff's request for monetary relief and must grant the defendants' motion for partial summary judgment.

**James C. Mahan**
**U.S. District Judge**

- 9 -

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Shakopee Mdewakanton Sioux Community's motion for summary judgment of trademark infringement (doc. # 61) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that the defendants are hereby enjoined from the use of the plaintiff's "Mystic" family of marks.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that plaintiff Shakopee Mdewakanton Sioux Community's motion to dismiss the defendants' counterclaim (doc. # 61) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that defendant FBCV, LLC's motion for partial summary judgment of declaratory relief (doc. #64) be, and the same hereby is, DENIED as to injunctive relief and GRANTED as to monetary relief.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that plaintiff Shakopee Mdewakanton Sioux Community shall prepare an appropriate final judgment enjoining defendants' use of the "Mystic" trademark.

DATED September 26, 2011.

UNITED STATES DISTRICT JUDGE