# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SHAKOPEE MDEWAKANTON SIOUX COMMUNITY,

        Plaintiff,

v.

FBCV, LLC, et al.,

        Defendants.

2:10-CV-10 JCM (RJJ)

# ORDER

Presently before the court is plaintiff Shakopee Mdewakanton Sioux Community's ("SMSC") motion to strike pursuant to Federal Rule of Civil Procedure 12(f). (Doc. #110). Defendants filed an opposition. (Doc. #114). SMSC then filed a reply. (Doc. #115).

Defendants filed a motion to stay pending appeal on August 2, 2011. (Doc. #92). SMSC filed an opposition to this motion, arguing in part that defendants had not established irreparable harm. (Doc. #99). Defendants filed a reply and attached a declaration by Kevin Close. (Doc. #107).

In the instant motion, SMSC asserts that parts of the reply and the declaration of Kevin Close are procedurally improper and should be stricken by the court.[1] (Doc. #110). Specifically, SMSC moves to strike Kevin Close's declaration and lines 4:8 – 23 and 5:24 – 28 from the reply. (Docs. #110 and #115).

---

[1] The court strongly admonishes plaintiff SMSC to accurately and faithfully quote court decisions in papers it submits to the court. In multiple instances, the quoted language does not match the language contained in the federal reporter. *See, e.g.*, *Tovar v. U.S. Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993); *Province v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

**James C. Mahan**
**U.S. District Judge**

1    Pursuant to Federal Rule of Civil Procedure 12(f), the court may strike "any redundant,
2 immaterial, impertinent, or scandalous matter." In the Ninth Circuit, "the general rule is that [a
3 party] cannot raise a new issue for the first time in [its] reply brief." *Eberle v. City of Anaheim*, 901
4 F.2d 814, 818 (9th Cir. 1990). This rule is important because it ensures opposing counsel has an
5 opportunity to respond to the substantive arguments and evidence of the moving party. *See, e.g.*,
6 *Pacquiao v. Mayweather*, 2010 WL 3271961, *1 (D. Nev., August 13, 2010).

7    Defendants respond that the declaration of Kevin Close and the accompanying arguments in
8 its reply brief are simply refinements of arguments and evidence previously provided to the court and
9 opposing counsel in its original moving papers. (Doc. #114).

10    The court is inclined to agree with SMSC. The declaration of Kevin Close is an entirely new
11 piece of evidence that was carefully crafted to address the weaknesses SMSC asserts exist in
12 defendants' moving papers. Importantly, the Kevin Close declaration was dated August 25, 2011,
13 nine days after SMSC filed its opposition to the motion to stay pending appeal. Thus, SMSC was
14 not aware of the declaration when it filed its opposition, and it had no opportunity to respond
15 accordingly. The cited language in defendants' reply brief (doc. #107, lines 4:8 – 23; 5:24 – 28)
16 leans heavily on the Kevin Close declaration.

17    This evidence was available to defendants when they filed their initial motion to stay. Once
18 SMSC points out flaws in defendants' motion, defendants cannot present entirely new, specifically
19 crafted evidence to rebut that argument when SMSC has no opportunity to respond. *See Pacquiao*,
20 2010 WL 3271961, *1.

21    Accordingly,
22 . . .
23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff SMSC's motion to strike (doc. #110) be, and the same hereby is, GRANTED. The court will not consider the declaration of Kevin Close or lines 4:8 – 23 and 5:24 – 28 of the reply.

    DATED October 4, 2011.

*/s/ James C. Mahan*
_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -