UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHAKOPEE MDEWAKANTON
SIOUX COMMUNITY,

        Plaintiff,

v.

FBCV, LLC, et al.,

        Defendants.

2:10-CV-10 JCM (RJJ)

**ORDER**

Presently before the court is defendants FBCV, LLC, et. al.'s emergency motion to stay pending appeal. (Doc. #92). Plaintiff Shakopee Mdewakanton Sioux Community ("SMSC") filed an opposition. (Doc. #93). Defendants then filed a reply. (Doc. #107). SMSC objected to the reply and the attached declaration and moved to strike. (Doc. #110). After the parties had fully briefed this motion to strike, the court ordered the declaration and accompanying language in defendants' reply stricken. (Doc. #118). Therefore, the court will not consider the stricken evidence and argument in the instant motion to stay pending appeal.

SMSC filed a trademark infringement suit against defendants in January 2010. (Doc. #1). This court granted SMSC's summary judgment motion on June 29, 2011. (Doc. #86).[1] The court issued a permanent injunction on July 25, 2011. (Doc. #89). On July 26, 2011, defendants filed a

---

[1] Pursuant to an unopposed motion by SMSC asserting clerical errors in the court's order, the court subsequently vacated this order. (Doc. #116). The court refiled the order with the requested clerical changes on September 26, 2011. (Doc. #117).

**James C. Mahan**
**U.S. District Judge**

1  notice of appeal. (Doc. #90). This appeal is pending at the Ninth Circuit. Shortly after filing the
2  notice of appeal, defendants filed the instant emergency motion to stay the court ordered permanent
3  injunction pending the appeal. (Doc. #92).

4      The emergency motion to stay pending appeal was originally assigned to Magistrate Judge
5  Johnston. The motion should have been assigned to this court. This court only recently became
6  aware of the emergency motion. Additionally, the protracted litigation over the admissibility of the
7  Kevin Close declaration (docs. #110, #114, #115, and #118) delayed the court's ruling on the
8  underlying emergency motion.

## Legal Standard

10     Pursuant to Federal Rule of Civil Procedure 62©, this court has the power to stay the
11 permanent injunction pending appeal "while an appeal is pending from a[] . . . final judgment that
12 grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an
13 injunction on terms for bond or other terms that secure the opposing party's rights." FED. R. CIV.
14 P. 62©.

15     In the Ninth Circuit, the court examines four factors when deciding a stay pending appeal
16 motion:

17     (1) whether the stay applicant has made a strong showing that he is likely to succeed
18     on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3)
19     whether issuance of the stay will substantially injure the other parties interested in the
20     proceeding; and (4) where the public interest lies.

21 *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 112, 1115 (9th Cir.
22 2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Lopez v. Heckler*, 713 F.2d
23 1432, 1435-36 (9th Cir. 1983).

24     The Ninth Circuit recently upheld its "sliding scale" approach to staying orders pending
25 appeal in *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (citing *Alliance for the Wild*
26 *Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011)). Thus, a stay is appropriate when a
27 petitioner demonstrates that serious legal questions are raised and the balance of hardships tips
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  sharply in petitioner's favor.  *See Leiva-Perez*, 640 F.3d at 966; *Abbassi v. I.N.S.*, 143 F.3d 513, 514
2  (9th Cir. 1998), *abrogated on other grounds by Nken v. Holder*, 129 S.Ct. 1749 (2009); *see also*
3  *Cottrell*, 632 F.3d at 1134.

4  **I.     Strong Showing of Likelihood of Success on the Merits**

5  Defendants argue that they have "some" likelihood of success on the merits.  (Doc. #92).
6  Defendants are thus relying on the Ninth Circuit's "flexible" or "sliding scale" approach.  They argue
7  that they do not need to establish a "strong" likelihood of success on the merits because they face
8  a "substantial and irreparable injury" if the stay is not issued.  (Doc. #92).

9  According to defendants, they have some likelihood of success on the merits of their appeal
10 because likelihood of confusion in trademark infringement cases is a question of fact in the Ninth
11 Circuit.  (Doc. #92) (citing *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1355-56 (9th cir.
12 1985)).  Therefore, defendants only need to convince the Ninth Circuit that a genuine issue of fact
13 remains within the likelihood of confusion issue to prevail in their appeal.  (Doc. #92).

14 SMSC responds that defendants have not made the requisite showing under the irreparable
15 injury factor to invoke the sliding scale approach.  The court addresses this contention below.

16 Defendants have not established a "strong" likelihood of success on the merits.  At best,
17 defendants have established the lower threshold of "some" likelihood of success on the merits.
18 Indeed, defendants' motion to stay pending appeal acknowledges that their appeal does not meet the
19 higher standard articulated under the first prong of the *Golden Gate Restaurant Association* test.  *See*
20 *Golden Gate Restaurant Ass'n,* 512 F.3d at 1115.  Therefore, the success of defendants' motion
21 necessarily rests on their ability to show: (1) a likelihood of irreparable injury, (2) the balance of
22 hardships tilts *sharply* in defendants' favor, (3) defendants have raised serious questions going to
23 the merits; and (4) it is in the public's interest to stay the permanent injunction.  *See Cottrell*, 632
24 F.3d at 1134-35; *Leiva-Perez*, 640 F.3d at 966.

25 **II.    Irreparable Injury Absent Stay**

26 Defendants assert that they have demonstrated irreparable injury.  They state that enforcing
27 the permanent injunction would effectively force the business into bankruptcy before defendants
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  have the opportunity to exhaust their appellate rights. (Doc. #92). Thus, defendants allege that
2  enforcing the injunction would be a "death knell" to their business because it would "deplete the
3  already thin working capital of the business." (Doc. #92).

4  SMSC responds that defendants' allegations do not constitute "irreparable injury." (Doc.
5  #99). SMSC asserts that even accepting defendants' allegations at face value, defendants still have
6  not established that compliance with the injunction will prevent defendants from meeting any
7  financial obligations. According to SMSC, defendants have not adequately established facts
8  supporting their assertion that compliance with the injunction will deplete working capital: (1) they
9  have not alleged that compliance will prevent sales of their casino services; (2) they have not alleged
10  that compliance will have an impact on their revenues or market share; and (3) they have not
11  provided the court with any specific costs that would result from compliance with the injunction.[2]
12  (Doc. #99).

13  As the moving party, defendants have the burden of establishing irreparable injury. *See*
14  *Golden Gate Restaurant Ass'n*, 512 F.3d at 1115. The court agrees with SMSC that the defendants
15  have not met this burden here. Defendants' vague and conclusory allegations of irreparable harm
16  are not sufficient. Although defendants strenuously argue that their very existence as a business is
17  threatened, their moving papers do not contain specific allegations of irreparable injury that
18  compliance with the permanent injunction would cause. Defendants have not met their burden as
19  the moving party of establishing irreparable injury.

20  **III.   Injury to Other Parties**

21  Defendants argue that SMSC can prove no monetary damages stemming from its alleged
22  infringement. Thus, according to defendants, SMSC cannot establish "irreparable injury" if the stay
23  is imposed. (Doc. #92). SMSC responds that the court has already held that defendants' continued
24  infringement irreparably harms SMSC. (Doc. #99). According to SMSC, the injury arises from

---

[2] Defendants attached a declaration to their reply attempting to address these alleged deficiencies. The court has stricken the declaration and associated legal argument because they were submitted in a procedurally improper manner. (*See* Doc. #118). Thus, the court does not consider these arguments and evidence in this order.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  SMSC's inability to control the exclusivity and valuable goodwill of its mark.

2  Both of the parties recite an incorrect legal standard under this factor. The correct legal
3  standard is whether the stay would cause "substantial[] injur[y]" to other interested parties, not
4  "irreparable injury" to other interested parties. *See Golden Gate Restaurant Ass'n*, 512 F.3d at 1115.

5  Applying this lower injury threshold, defendants' assertions are not convincing. SMSC's
6  alleged lack of monetary damages is not enough to satisfy defendants' burden under this factor.
7  SMSC's inability to control the use of its mark does impose a substantial injury, regardless of its
8  inability to show monetary damages.

9  Further, as discussed above, defendants are relying on the Ninth Circuit's "sliding scale"
10 approach to stays and injunctions. Under this approach, the moving party may prevail on a showing
11 of "some" likelihood of success on the merits only if it can show that the "balance of hardships tips
12 sharply in the [moving party's] favor." *Cottrell*, 632 F.3d at 1134-35.

13 Defendants admit that their appeal only enjoys "some" likelihood of success. Thus, they are
14 required to make a heightened showing under the balance of hardships factor. *Id.* Assuming,
15 *arguendo*, that defendants' conclusory statements about the impacts of compliance with the
16 injunction are true, defendants still have not established that the balance of hardships tips "sharply"
17 in its favor. *See id.* At best, defendants have shown that the balance of hardships weighs in their
18 favor. However, this showing falls short of the heightened standard required under the Ninth
19 Circuit's "sliding scale" approach.

20 **Conclusion**

21 Defendants have not met their burden as the moving party. The court finds: (1)
22 defendants have only demonstrated "some" likelihood of success on the merits; (2) defendants'
23 vague and conclusory assertions of irreparable harm are not sufficient; (3) defendants have not
24 established that other interested parties will not suffer substantial injury; and (4) the balance of
25 hardships does not tip sharply in defendants favor.

26 Accordingly,

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants FBCV,
2  LLC, et. al.'s emergency motion to stay pending appeal (doc. #92) be, and the same hereby is,
3  DENIED.
4  DATED October 14, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**